[*114]        *JACKSON, *ex dem.* LEWIS and others, *against*
LARROWAY.(*a*)

Where the trial of a cause is put off, on payment of costs, the plaintiff may demand the costs immediately, and if not paid, may proceed in the cause, or he may have the costs regularly taxed on due notice, and if after service of the taxed bill, the costs are not paid, he may take out an attachment *instanter.*

Notice of taxing costs, must be served on the *attorney*, not on the counsel.

VAN VECHTEN moved to set aside the attachment in this cause, which had been granted for the costs of putting off the trial, and that there should be a retaxation.

He contended that attachments are ordinarily granted on rules to show cause, and are never made absolute, in the first instance, but in very flagrant cases; and that if the party answers, he shall be discharged from the attachment; and cited 1 Bac. Abr. 183, (B). 2 Hawk. Plea. Cr. 214. He further insisted, that there must be a demand made of the

in order to give the defendant an advantage of any nicety of pleading ; 2 Str. 1242 ; or a special plea of questionable matter, designed to draw the plaintiff to demur ; 2 Salk. 518 ; but this court have, in such a case, refused to impose as a condition, that the party should not plead the statute of limitations ; 10 Wend. 595 ; though formerly, the practice was otherwise. 2 W. Bl. 35. And the Common Pleas in England, have refused to set aside a regular judgment, where it appeared that the defendant had refused to accede to equitable terms of compromise. 4 Taunt. 885. When the court set aside a regular judgment, it is usually upon the terms of the defendant's paying costs, 1 Salk. 402 ; see Barnes, 256 ; pleading issuably *instanter*, 1 Burr. 586 ; taking short notice of trial, Barnes, 242, (although this would not extend to a writ of inquiry ; 6 Taunt. 458 ;) and *giving judgment of the term,* 2 Str. 823, when necessary ; and in some cases also they will order the defendant to bring the money into court. Barnes, 243. And in a recent case in this court, it was laid down that on setting aside a default, for want of a plea, on the ground of merits, if it appear probable that the plaintiff may lose his demand, by reason of the defendant's being in doubtful circumstances, the court will order the judgment to stand as security, and grant a rule, that the defendant may plead and go to trial, on payment of costs. 6 Cowen, 390. After the default is opened, the defendant is bound to plead, without being served with a copy of the declaration. 2 Wend. 628." Grah. Prac. 2d ed. 788, 789.

(*a*) S. C., C. C. 123.

Jackson v. Larroway.

costs, after the bill has been regularly taxed, before the party can be considered as in contempt. (Barnes, 120. 1 Lilly's Abr. 162.) Besides, he insisted, that according to 1 Salk. 83, no attachment will lie at all for the costs of putting off a trial.

*L. Elmendorf*, contra, contended, that in England the attachment is always absolute in the first instance. He cited Tidd's Pr. 364. Runnington on Ejectment, 142. 1 Sellon, 415.

*Per Curiam.* Whenever a cause goes off, on motion of the defendant, upon payment of costs, the plaintiff has his election, either to wait the event of the suit, and have all his costs taxed together, or he may make them out, *instanter*, under the direction of the court, (subject, however, to be reviewed on a future taxation, if required,) and demand them immediately, and if not paid, he may proceed with the trial ; or he may waive this privilege, and resort to an attachment, but if he does so, he must first have his costs regularly taxed, on a proper notice, as in other cases, and that notice must be served on the *attorney* in the suit,(b) and not on the *counsel*, as has irregularly been done, in *this in-   [*115]
stance. Had he been regular in this, he would have
been entitled to his attachment instantly, without a previous notice.

The notice in this case having been served on counsel, and the taxation having been made on the same day notice was given, the taxation and all proceedings founded on it were irregular.

The case mentioned from Salkeld is anonymous, and standing alone, we think it not entitled to weight.

The attachment must be set aside with costs.

Rule granted.(c)

(b) See *People* v. *Hassenfratts*, 3 Cowen, 26 ; *Howland* v. *Ralph*, 3 Johns. 20 ; *St. John* v. *Hubbard*, 1 Wend. 194 ; *Burns* v. *Burns*, 7 Cowen, 470.

(c) " When the trial is thus put off, it is usually upon the terms of paying any costs the opposite party may have thereby been put to ; and when the plaintiff sued as a pauper, and the defendant had the trial put off, upon undertaking to pay the costs of the day, the Court of Common Pleas granted an attachment against the defendant for the non-payment of these costs. 1 B. &

## JACKSON, *ex dem.* Low, *against* HORNBECK.(*a*)

The two days allowed by the rule of January term, 1799, for making up a case cannot be enlarged by the order of a judge.

BOWMAN moved to vacate a certificate of a judge, giving further time to make up a case.

*L. Elmendorf*, contra.

*Per Curiam.* The two days allowed by the 6th rule of January term, 1799, for making a case, cannot be enlarged by a judge, in favor of a party making the case; but the time, which may be enlarged, under that rule, is that allowed for proposing amendments, and for giving notice of an appearance before the judge, and no other.

Rule granted.(*b*)

P. 39. And these costs should be paid *instanter*, that is, within twenty-four hours; Rule 60; and for this purpose, it is the duty of the defendant to seek the plaintiff, and tender the costs after taxation, 2 Wend. 293, without waiting for a formal demand; 19 Johns. 270 ; *et vide* 1 Johns. Cas. 396 ; although, perhaps, the rule should express that the costs are to be paid *instanter*, it being provided by rule 60, that in all cases where a motion shall be granted on payment of costs, or on the performance of any condition, or where the order shall require such payment or performance, the party, whose duty it shall be to comply therewith, shall have twenty days for that purpose, unless otherwise directed in the order. This rule is probably intended to apply to motions in bank ; but to avoid any question, the judge at *nisi prius* would, upon suggestion, direct an express provision in the rule, as to the time of payment." Grah. Prac. 2d ed. 287, 288.

(*a*) S. C., C. C. 127.

(*b*) " The time for preparing a case, bill of exceptions, special verdict, or demurrer to evidence, and the time, for preparing amendments thereto, may be enlarged by the judge before whom the cause was tried, or by one of the justices of this court, but not by any other officer ; Rule 39 ; 9 Johns. 264 ; 2 Johns. Cas. 115 ; S. C. Colem. 127 ; but an order for time to make a case, cannot be enlarged after it has expired, but only while it is running ; if it once expire, relief can be had by motion to the court only, for which purpose, a judge may grant an order to stay proceedings. 7 Cowen, 467. Where the case is made subject to the opinion of, the court, it need not be prepared at the trial, but a minute of the questions to be presented, and the evidence on which they arise, may be made, and the case may be subsequently drawn up, amended, and settled within such times and under the same regulations, as are above made with respect to cases. Rule 38. The same practice ap-